FILED
U.S. DISTRICT COURT
2012 OCT 22 PM 2:50
[signature]
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LEO BROWN, JR., | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.: CV612-034 |
| DON JARRIEL; BRUCE CHATMAN; DOUG WILLIAMS; Deputy Warden DUPREE; JOHN W. PAUL; Dr. T. JONES; Dr. BROOME; Dr. JOHNSON; JANET BREWTON; LOUIE SMITH; BRIAN OWENS; ROBERT JONES; Captain SANDER; CO II LEWIS; and CO I WALTER, | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Leo Brown, Jr. ("Plaintiff"), an inmate currently confined at Troup County Correctional Institution in LaGrange, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. After the requisite frivolity review, it appeared Plaintiff's attempted claims were unrelated. By Order dated June 11, 2012, Plaintiff was directed to advise the Court, within thirty (30) days, as to which claim or related claims he desired to pursue in this case. Plaintiff failed to timely respond to that Order, and Plaintiff's Complaint was dismissed by Order dated July 26, 2012. One day later, on July 27,

2012, the Clerk received a new Complaint from Plaintiff and stamped it as filed that day. (Doc. No. 14). However, Plaintiff's new Complaint was executed on July 16, 2012, and is deemed filed on that date. Even so, Plaintiff still failed to timely file the new Complaint. However, the Court declined to strictly apply the time frame mandated by the June 11, 2012, Order and directed the Clerk to reopen this case. Plaintiff's new Complaint is now before the undersigned for frivolity review.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be

AO 72A
(Rev. 8/82)

applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that Defendants, sometimes individually and sometimes collectively, violated his constitutional rights. Specifically, Plaintiff alleges that "by their acts or omissions, policies and practices, customs and usages—Committed an Act of Furtherance; Federal OBstruction [sic]; Deliberate Indifference—When Prison OFFicials [sic], et. al., deliberately acting in Concert Conspired consciously, carelessly, and recklessly contributed intelligently, willingly, and knowingly did deliberately deprive plaintiff of his Constitutional Fundamental principle of his private Rights; privileges; or immunities to 'urgent medical needs,' significantly exacerbated delaying and interfering with plaintiff 07:00 A.M. Medical Protocol for inmates, et al., out of A-1 Dormitory, southside units, also to report to Medical Hospital Floor to be seen by Dr. Williams CHeatam [sic]; PHysician [sic] Assistant—for physical examination, due to the nature of plaintiff surgery[.]" (Doc. No. 14, p. 13). Plaintiff alleges "guard brutality; harassment; refrain; retalitory [sic]; and prejudicial against Plaintiff" and "cruel and unusual punishment; other cruel; torture; inhumane; deparate [sic]; and degrading treatment" which allegedly violated his rights under various provisions of the United States and Georgia Constitutions. (Doc. No. 14, p. 14). Plaintiff alleges that he was deprived of his bottom bunk profile which resulted in "Prison OFFicial(s) [sic], et al., fail[ing] to meet minimum Constitutional Ultimatum Standards under the Conditions of Confinement pursuant to plaintiff's eighth (8th) Amendments [sic] Rights to provide plaintiff's [sic] with the adequate and appropriate degree of Medical Treatment & Care, 'Physical Therapy,'

3

upon Dr. Williams CHeatam [sic]; Physician Assistant, follow-up instruction care plan Summary[.]" (Doc. No. 14, p. 17). Plaintiff alleges that he was given a pass to "Medical Hospital Floor Waiting Room" and upon arrival "was approached by Captain Sanders— by their acts of omissions, policies and practices, customs and usages—Committed an Act of Furtherance; Federal OBstructions [sic]; Deliberate Indifference; ABusive [sic] Guard Brutality; Inhumane; Torture; Degrading Treatment; other cruel; Cruel and Unusual Punishment—When Prison OFFicial [sic], et al., deliberately acting in Concert Conspired continuously, consciously, carelessly, and recklessly contributed to intelligently, willingly, and knowingly done intentionally fails to recognition of an essential elements of 'Surgical Patient Discharge Planning Summary and Postoperative Follow-Up Care Instructions,' placed inside patient Medical Chart[.]" (Doc. No. 14, pp. 18–19). Plaintiff alleges that "Prison OFFicial(s) [sic], et al., deliberately abridging Plaintiff with adequate urgent medical treatment for postoperative follow-up care instructions by Dr. JoHnson [sic][.]" (Doc. No. 14, p. 19). Plaintiff makes similar allegations throughout the remainder of his Complaint.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff has failed to meet this burden. Plaintiff alleges no facts in support of his conclusory allegations of various forms of misconduct. Plaintiff also does not tie specific allegations to specific Defendants.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 23rd day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)