IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LEO BROWN, JR.,

    Plaintiff,

v.                                       CIVIL ACTION NO.: CV612-034

DON JARRIEL; BRUCE CHATMAN;
DOUG WILLIAMS; Deputy Warden
DUPREE; JOHN W. PAUL;
Dr. T. JONES; Dr. BROOME;
Dr. JOHNSON; JANET BREWTON;
LOUIE SMITH; BRIAN OWENS;
ROBERT JONES; Captain SANDER;
CO II LEWIS; and CO I WALTER,

    Defendants.

## ORDER

Plaintiff Leo Brown, Jr. ("Plaintiff"), an inmate currently confined at Troup County Correctional Institution in LaGrange, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. After the requisite frivolity review, it appeared Plaintiff's attempted claims were unrelated. By Order dated June 11, 2012, Plaintiff was directed to advise the Court, within thirty (30) days, as to which claim or related claims he desired to pursue in this case. Plaintiff failed to timely respond to that Order, and Plaintiff's Complaint was dismissed by Order dated July 26, 2012. One day later, on July 27, 2012, the Clerk received a new Complaint from Plaintiff and stamped it as filed that day. (Doc. No. 14). However, Plaintiff's new Complaint was executed on July 16, 2012, and is deemed filed on that date. Even so, Plaintiff still failed to timely file the new

AO 72A
(Rev. 8/82)

Complaint. However, the Court declined to strictly apply the time frame mandated by the June 11, 2012, Order and directed the Clerk to reopen this case. After the requisite frivolity review was performed on Plaintiff's new Complaint, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. No. 16). In response to the Magistrate Judge's Report recommending dismissal, Plaintiff filed a document titled Motion to Amend. (Doc. No. 18). That document was docketed as a motion to amend Plaintiff's Complaint; however, a review of the document shows that it is actually an Objection to the Magistrate Judge's Report, dated October 25, 2012. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

The Magistrate Judge correctly determined that Plaintiff alleged no facts in support of his conclusory allegations of various forms of misconduct and that Plaintiff's Complaint does not tie specific allegations to specific Defendants. Plaintiff's Objection does not remedy these failures. Because Plaintiff has not set forth "a short and plain statement of the claim showing that [he] is entitled to relief," his Complaint is due to be dismissed. FED. R. CIV. P. 8(a)(2).

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal. To the extent that Plaintiff actually intended the document titled Motion to Amend to be a motion to

amend his Complaint, that Motion is **DENIED** because it does not set forth any allegations.

**SO ORDERED**, this ___20___ day of _____Nov._____, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)